# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| **ROBERT LYNN DEBORD, JR.,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   Civil Action No. 2:21-00522 |
| | ) |
| **DEPUTY ANDREW GROVES,** *et al.*, | )<br>) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendant Groves' Motion for Summary Judgment (Document No. 14) as moot.

## PROCEDURAL BACKGROUND

On September 15, 2021, Plaintiff, acting *pro se*,[1] filed an Application to Proceed Without Prepayment of Fees and Costs and a Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Deputy Andrew Groves, Braxton County Sherriff's Department; and (2) Deputy Carr, Braxton County Sherriff's Department. (Id.) Plaintiff alleges that Defendants violated his constitutional rights by effecting a false arrest and using excessive force. (Id.) In support, Plaintiff states as follows:

> On April 29, 2021, I, Robert DeBord, was walking from Sutton, WV, towards my home in Charleston, WV. I was at the Dollar General in Gassaway, WV, using my

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> telephone and I continued towards my destination. That's the last thing I recall until I woke up in UHC in the Intensive Care Unit in Clarksburg, WV. I was stopped by Deputy Groves and Carr and was beaten to the point [where] I was kept alive by a ventilator. I have no memory due to the traumatic nature of the incident. I have all medical records for the hospital stay.

(Id.) As relief, Plaintiff requests "compensation for medical bills, wrongful imprisonment, pain and suffering, mental trauma, and defamation of character. (Id.)

By Order entered on January 28, 2022, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs and directed the Clerk to issue process. (Document No. 4.) The Clerk's Office issued process the same day. (Document No. 5.) The Summons for Defendant Carr was returned unexecuted on February 17, 2022. (Document No. 7.) By Order entered on February 18, 2022, the undersigned directed Plaintiff to provide the Court with an updated address for Defendant Carr by March 18, 2022. (Document No. 8.) The undersigned further notified Plaintiff that "[f]ailure to Plaintiff to provide the Court with an updated address from the above Defendant by March 18, 2022, will result in a recommendation of dismissal of this matter without prejudice as to the above Defendant pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff never responded to the Court's above Order.

On February 22, 2022, Defendant Groves filed his Answer. (Document No. 9.) On March 24, 2022, the undersigned entered a Scheduling Order setting forth deadlines for the completion of discovery and the filing of dispositive motions. (Document No. 10.) On August 25, 2022, Defendant Groves filed his Motion for Summary Judgment and Memorandum in Support. (Document Nos. 14 and 15.) Defendant Groves argues that Plaintiff's Complaint should be dismissed based on the following: (1) Plaintiff fails to plead any set of facts supporting a

cognizable claim of defamation, wrongful imprisonment, and battery (Document No. 15, pp. 4 – 8, 12 - 13.); and (2) Defendant Groves is entitled to qualified immunity concerning any potential claim under Section 1983 (Id., pp. 8 – 12.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 25, 2022, advising him of the right to file a response to the Defendant Groves' Motion. (Document No. 16.) The Court specifically warned Plaintiff that failure to respond to the above Motion could result in the denial of relief sought in the Complaint and dismissal of the suit. (Id.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendant Groves' above Motion for Summary Judgment (Document No. 14). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 3, 2022, directing Plaintiff to "show cause in writing on or before October 18, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 17.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motion for Summary Judgment (Document No. 14). (Id.) Plaintiff has made no contact with this Court since the filing of his Complaint on September 15, 2021. (Document No. 2.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration

---

subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since September 15, 2021, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite the filing of the Court's Order directing Plaintiff to provide an updated address for Defendant Carr (Document No. 8), Defendant Grove's Motion for Summary Judgment (Document No. 14), the Court's <u>Roseboro</u> Notice (Document No. 16), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 17). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Due to Plaintiff's failure to provide an updated address for Defendant Carr, Defendant Carr has not been served with process. Although Defendant Groves filed a Motion for Summary Judgment, there is no indication that Defendant Groves expended sufficient time or resources defending Plaintiff's action. Defendant Groves' Motion relies upon the argument that Plaintiff's failed to state a cognizable claim and any such claim is barred by qualified immunity. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than one year.[3] This Court has determined that "only a history of

---

[3] The undersigned acknowledges that Plaintiff provided the Court with a notice of change of address on May 23, 2022 (Document No. 13), but Plaintiff has failed to take any action to actively pursue his case since September 15, 2021.

dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) with prejudice, **DENY as moot** Defendant Groves' Motion for Summary Judgment (Document No. 14), and remove this matter from the Court's docket.

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 27, 2022.

Omar J. Aboulhosn
United States Magistrate Judge